UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PETITION OF NORTHROP GRUMMAN )
SYSTEMS CORPORATION TO PERPETUATE )
TESTIMONY OF CAPTAIN ROBERT H. )
BELTER (RETIRED) )
) Case No. _____
)
)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO PERPETUATE TESTIMONY OF NAVY CAPTAIN ROBERT H. BELTER (RET.) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 27(a)**

**INTRODUCTION**

Northrop Grumman Systems Corporation ("Northrop Grumman") respectfully submits this Memorandum in support of its Petition to Perpetuate Testimony of Navy Captain Robert H. Belter (Ret.) pursuant to Federal Rule of Civil Procedure 27(a) ("Petition"). This Petition is precipitated by a dispute between Northrop Grumman and the United States regarding the appropriate allocation of environmental liability costs arising from former military manufacturing operations at a military industrial facility located in Bethpage, Long Island. The facts underlying the Petition date back to World War II. Northrop Grumman's predecessor, Grumman Aircraft Engineering Company ("Grumman"), operated its flagship manufacturing facility in Bethpage next to, and as an integral part of, the Naval Weapons Industrial Reserve Plant No. 464. This facility became one of the most historically significant war plants in U.S. history.

Beginning in World War II, and for decades thereafter, Grumman served as the Navy's primary aircraft manufacturer. In addition to controlling nearly all of the manufacturing operations at Bethpage, the government approved and funded the World War II-era design and construction of the facility's buildings and infrastructure, including its process lines, industrial

1

SD\1370554.4

waste systems, and its ground-based disposal network of dry wells and recharge basins; the government controlled the means and methods of production at Bethpage through detailed contract specifications and oversight; and the government closely supervised production by investing approximately 250 Navy personnel stationed at Bethpage with sweeping rights to control production, inspect facilities, approve projects, and test materials or workmanship at any time and at any location.

Environmental issues arose at Bethpage within a few years after the start of wartime manufacturing operations. From the mid-1990s until recently, the parties have jointly addressed substantial soil and groundwater contamination at the Bethpage facility. Despite the government's extensive past ownership and historical operational control of Bethpage, the U.S. Navy has informed Northrop Grumman that it intends to bring cost-recovery causes of action against Northrop Grumman pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, and, in so doing, has denied all "arranger" and "operator" responsibility for the facility. While the parties are currently in mediation, there is no guarantee of success or the avoidance of litigation.

Captain Robert H. Belter has been retired for over three decades, but he can provide critical testimony relevant to Northrop Grumman's alleged liability for the environmental issues at Bethpage. Captain Belter served as the Navy Plant Representative at Bethpage from 1971 to 1974. He is the only living person known to Northrop Grumman who can provide direct testimony as to the Navy's oversight and control of operations at Bethpage. Captain Belter is 86 years old. Because Northrop Grumman cannot cause the Navy to bring the anticipated CERCLA action at this time, Northrop Grumman respectfully requests this Court allow it to perpetuate Captain Belter's testimony pursuant to Fed. R. Civ. P. 27(a).

///

## ARGUMENT

I. <u>An Order Authorizing Northrop Grumman to Perpetuate Captain Belter's Testimony Is Warranted Pursuant to Federal Rule of Civil Procedure 27(a)</u>

Federal Rule of Civil Procedure 27(a) authorizes this Court to issue an order allowing Northrop Grumman to take the deposition of Captain Belter before the United States files its anticipated CERCLA action. As the Navy's primary representative at Bethpage between 1971 and 1974—and the only living person known to Northrop Grumman who can provide factual testimony regarding the United States Government's involvement in Bethpage operations during this time period—Captain Belter's testimony will be essential to any future CERCLA action between Northrop Grumman and the United States. In light of Captain Belter's advanced age, an order allowing Northrop Grumman to perpetuate Captain Belter's testimony is necessary to prevent a failure of justice.

    A. <u>Northrop Grumman Has Made the Requisite Showing under Rule 27(a)(1)</u>

Under Fed. R. Civ. P. 27(a)(1), the petitioner must file its petition "in the district court for the district where any expected adverse party resides." As the United States is the only expected adverse party, Petition ¶ 8, the Petition is properly before this Court.

Fed. R. Civ. P. 27(a)(1) further requires the petitioner to show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States Court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

3

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, as far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

The Petition meets all five requirements.

First, the Navy has threatened Northrop Grumman with liability under CERCLA relating to manufacturing operations at Bethpage. Petition ¶ 4. Because United States courts have exclusive jurisdiction over CERCLA claims, 42 U.S.C. § 9613(b), the anticipated action is cognizable in a district court. As the putative defendant in this action, Northrop Grumman is not able to cause the Navy to file its CERCLA complaint. *See State Farm Fire & Cas. Co. v. Taylor*, 118 F.R.D. 426, 431 (M.D.N.C. 1998) (where the petitioner is the potential defendant, the requirement that the moving party show why a lawsuit cannot first be filed is satisfied). Further, the United States is unlikely to file its threatened CERCLA complaint prior to the expiration of all tolling agreement extensions now through June 30, 2014, but potentially extended to September 30, 2014 and beyond. Petition ¶ 6.

Next, Northrop Grumman has set forth the subject matter of the expected action and Northrop Grumman's interest in the litigation. The subject matter of the anticipated action will be the contamination at the Bethpage facility, and Northrop Grumman's interest therein will be its alleged liability to remedy or fund the remediation of such contamination. Petition at ¶ 7.

Further, the Petition identifies Captain Belter, his address, and the substance of the testimony Northrop Grumman expects to elicit from him prior to the Navy's commencement of its CERCLA action. Petition at ¶¶ 9-12. Northrop Grumman expects Captain Belter to testify regarding the United States Government's involvement in and relating to manufacturing operations at Bethpage. *Id.* The Petition also establishes the reasons Northrop Grumman wishes

4

to perpetuate Captain Belter's testimony, which primarily relate to the risks posed by Captain Belter's advanced age and the important nature of the facts Northrop Grumman seeks to establish based on his testimony. *Id.* at ¶¶ 11-13.

Lastly, Northrop Grumman has identified the anticipated adverse parties: the United States. Petition at ¶ 8. Accordingly, if "satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order" authorizing an early deposition of Captain Belter. Fed. R. Civ. P. 27(a)(3).

II. <u>Perpetuating Captain Belter's Testimony is Necessary to Prevent a Failure of Justice in Any Future CERCLA Action Regarding Bethpage</u>

Captain Belter is the most senior living Naval officer known to Northrop Grumman with direct, personal knowledge of the Navy's involvement in Bethpage's manufacturing operations, which will be a critical factual issue in any CERCLA liability action. Today, Captain Belter is 86 years old. As courts across the country have recognized, advanced age poses "a substantial danger . . . that the testimony sought to be preserved by deposition w[ill] otherwise become unavailable before [a] complaint c[an] be filed." *In re Boland*, 79 F.R.D. 665, 667 (D.D.C. 1978); *see also Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) ("Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial."); *Petition of Rosario*, 109 F.R.D. 368, 370 (D. Mass. 1986) (A Rule 27 deposition is "justified when a witness is aged"); *Texaco, Inc. v. Borda*, 383 F.2d 607 (3d Cir. 1967) ("[I]t would be ignoring the facts of life to say that a 71-year old witness will be available, to give his deposition or testimony, at an undeterminable future date."); *DeWagenecht v. Stinnes*, 243 F.2d 413 (D.C. Cir. 1957) (Rule 27(a) deposition granted where witness was 74 years old); *Petition of Delta Quarries & Disposal, Inc.*, 139 F.R.D. 68, 70 (M.D. Pa. 1991) (finding it "significant" that the proposed deponent was 57 years old).

As the parties' current tolling agreement demonstrates, it is unlikely that the Navy will file its CERCLA action against Northrop Grumman in the near future. There is thus a real and substantial risk that Captain Belter's testimony will be lost before he can be deposed in the ordinary course of that future action. To prevent a miscarriage of justice, the Court should grant Northrop Grumman's petition to perpetuate Captain Belter's testimony.

## CONCLUSION

The deposition of Captain Belter will provide critical testimony regarding Northrop Grumman's and the Navy's historical involvement at Bethpage that is material to Northrop Grumman's defense against the government's CERCLA claims. To prevent the probable loss of Captain Belter's testimony before the parties' dispute ripens into a lawsuit, Northrop Grumman respectfully requests that the Court grant its Petition and authorize Northrop Grumman to depose Captain Belter forthwith.

DATED: May 5, 2014

Attorneys for Northrop Grumman Systems Corporation

_/s/ Christine G. Rolph_
Christine G. Rolph (Bar. No. 465021)
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Email: christine.rolph@lw.com